
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
+1 215 994 4000 Main
+1 215 994 2222 Fax
www.dechert.com

**STEVEN B. FEIRSON**

steven.feirson@dechert.com
+1 215 994 2489 Direct

March 17, 2015

**VIA CM/ECF**

The Honorable Anita B. Brody
United States District Court
Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street, Room 7613
Philadelphia, PA 19106

Re:  *Curd, et al., v. SEI Investments Management Corporation, et al.*, Case No. *2:13-cv-07219*

Dear Judge Brody:

We are counsel to defendant SEI Investments Management Corporation ("SIMC") in the above-referenced matter. We write in response to the March 9, 2015 letter from plaintiffs' counsel to the Court enclosing the decision from the U.S. District Court for the Southern District of Ohio in *Goodman v. J.P. Morgan Investment Management, Inc.*, No. 2:14-cv-414 (S.D. Ohio Mar. 4, 2015).

*Goodman* is obviously not binding on this Court and is, we believe, wrongly decided even on the facts and circumstances unique to that case. However, it is important to note that the allegations in *Goodman* are quite different than the allegations here and thus *Goodman* is readily distinguishable. The plaintiffs in *Goodman* alleged that J.P. Morgan's advisory fees were excessive in light of the much lower sub-advisory fees that J.P. Morgan charged unrelated funds allegedly for similar services. Ex. A to Pl. Letter at 4-5. Here, Plaintiffs do *not* compare the fees SIMC charged the SEI Funds to any fees that SIMC allegedly charged to third parties for similar services. Rather, Plaintiffs compare the advisory fees charged by SIMC to the sub-advisory fees charged *by third parties* for *dissimilar* services. (Am. Compl. ¶ 37.) Additionally, unlike in *Goodman*, Plaintiffs here allege that the fees retained by SIMC were *lower* than the fees retained by the sub-advisers. (*Id.* ¶ 42.) Furthermore, Plaintiffs here admit that SIMC performs a myriad of services that are different from the services performed by the sub-advisers, *e.g.*, selecting a mix of sub-advisers (*id.* ¶ 36), continuously monitoring the multiple sub-advisers' performance and compliance with regulatory requirements (*id.* ¶ 43), and recommending when the Funds' Board of Trustees should terminate, maintain, or replace existing sub-advisers or hire additional sub-advisers (*id.* ¶ 35). All of these facts which materially distinguish this case from *Goodman* are apparent from the face of the Amended Complaint. Thus, contrary to Plaintiffs' contention, they are appropriately considered on a motion to dismiss.



Accordingly, for the reasons explained in Defendants' motion to dismiss and reply briefs, Defendants respectfully request that the Court dismiss the Amended Complaint with prejudice.

Respectfully submitted,

Steven B. Feirson