## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN CURD and REBEL CURD, Derivatively on Behalf of SEI INTERNATIONAL EQUITY FUND, SEI HIGH YIELD BOND FUND, SEI TAX-MANAGED LARGE CAP FUND, SEI TAX-MANAGED SMALL/MID CAP FUND, and SEI INTERMEDIATE-TERM MUNICIPAL FUND, <br><br> Plaintiffs, <br><br> v. <br><br> SEI INVESTMENTS MANAGEMENT CORPORATION, and SEI INVESTMENTS GLOBAL FUNDS SERVICES, <br><br> Defendants. | Case No.: 2:13-cv-07219-TJS |

### STIPULATION AND [PROPOSED] PROTECTIVE ORDER

Each Party and each counsel of record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as defined in paragraph 2 below), and, as grounds therefor, state as follows:

1.      The Parties to the above-captioned action (the "Litigation") are engaged in discovery proceedings, which will include, among other things, taking depositions and producing documents.  These proceedings will involve the production of certain discovery containing information that the producing party believes to be confidential and sensitive commercial, financial, business, and/or personal information.  The producing party asserts that the disclosure of such information outside the scope of this Litigation could result in significant injury to the

1

producing party's business or privacy interests.  The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2.        "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom—not made available to the public—and designated by the producing party in the manner provided in paragraph 3 below as containing: (i) information about the producing party's (or a producing party's affiliate's) operations, policies, procedures, techniques, accounts, and personnel; (ii) information used by the producing party (or its affiliate) in carrying on its business, including business plans, operations, products, services, methods, clients, equipment, systems, hardware, software, tools, methodology, calculations, pricing, or marketing; (iii) information relating to the producing party's (or its affiliate's) proprietary products, services, technologies, know-how, trade secrets, discoveries, research and development activities, inventions, patents, trademarks, service marks, and other forms of intellectual property, analyses, and compilations; (iv) information relating to any individual Party or a customer or employee of the Parties, and/or that represents customer data that is non-public personal information for purposes of Regulation S-P promulgated by the U.S. Securities and Exchange Commission under the Securities Exchange Act of 1934, as amended, or any similar state or federal law or regulation to which the Parties are subject as to such information, relating to shareholders or former shareholders of the SEI High Yield Bond Fund, SEI International Equity Fund, SEI Intermediate-Term Municipal Fund, SEI Tax-Managed Large Cap Fund, SEI Tax-Managed Small/Mid Cap Fund (collectively, the "SEI Funds"), or any other mutual fund, mutual fund series, or account managed by SEI Investments Management Corporation; (v)

information entitled to protection under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, or any other federal, state or other applicable law, rule, or regulation; (vi) information that is the subject of another confidentiality agreement; or (vii) any other information which would be detrimental to the producing party if disclosure to persons other than those specified herein would reasonably be expected to result in injury to the designating party.

3.      Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

      a.      By imprinting the word "Confidential" on the first page or cover of any document produced;

      b.      By imprinting the word "Confidential" next to or above any response to a discovery request; and

      c.      With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than thirty calendar days after receipt of the transcribed testimony.

4.      Confidential Information and the contents thereof may be disclosed only to the following individuals under the following conditions:

      a.      Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties for purpose of the Litigation;

      b.      Outside experts or consultants retained by outside counsel for purposes of the Litigation, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

   c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

   d. The Court and court personnel;

   e. Any deponent in this Litigation may be shown or examined on any discovery material designated Confidential if the producing party consents to such disclosure or if it appears that the witness:

    1) authored or received a copy of it;

    2) was involved in the subject matter described therein,

    3) is employed by the party who produced the discovery material;

    4) is or was a member of the Board of Trustees for the SEI High Yield Bond Fund, SEI International Equity Fund, SEI Intermediate-Term Municipal Fund, SEI Tax-Managed Large Cap Fund, or SEI Tax-Managed Small/Mid Cap Fund; or

    5) is or was a consultant retained by or on behalf of the Defendant or the aforementioned Board of Trustees;

   f. Vendors retained by or for the parties for purposes of this Litigation to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

   g. The parties.  In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to the Litigation.

5.      Confidential material shall be used only by individuals permitted access to it under paragraph 4.  Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

6.      All Confidential Information submitted in response to a discovery request or appearing in transcribed testimony shall be subject to the following restrictions:

a.      It shall be used only for the purpose of this Litigation and not for any other litigation or for any other business or other purpose whatsoever; and

b.      It shall not be communicated or disclosed by receiving party or its counsel in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

7.      Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

8.      The receiving party's counsel shall be responsible for assuring compliance with the terms of this Protective Order with respect to any persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

9.      During the pendency of this action, counsel for the producing party may upon court order or agreement of the Parties inspect the list maintained by receiving party's counsel

pursuant to paragraph 8 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information in the event that producing party's counsel is unable otherwise to identify the source of the disclosure.  If the receiving party's counsel disagrees with producing party's counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

10.    No copies of Confidential Information shall be made except by or on behalf of counsel in this Litigation or persons working for them or under their supervision, in their law firms or at other companies, and such copies shall be made and used solely for purposes of this Litigation.

11.    During the pendency of this Litigation, counsel shall retain custody of Confidential Information, and copies made therefrom, pursuant to paragraph 8 above.

12.    If the receiving party objects to the designation of certain information as Confidential Information, he or she shall promptly inform the producing parties' counsel in writing of the specific grounds of objection to the designation.  The Parties, through their counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute.  If after such good faith attempt, the Parties are unable to resolve their dispute, the receiving party may move for a disclosure order consistent with this order.  The information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

13.    With respect to any depositions that involve disclosure of Confidential Information belonging to a party to the Litigation, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of

the transcript are to be designated Confidential, which period may be extended by agreement of the parties.  Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with paragraphs 3 and 4.

14.    Use of Confidential Information in court proceedings:  Plaintiffs Steven and Rebel Curd ("Plaintiffs") anticipate using discovery designated as Confidential in their filings, in depositions, at hearings, and/or at trial.  The Parties agree that Plaintiffs shall electronically file redacted copies of any material designated as Confidential, or any filings incorporating the substance of such material, and provide non-redacted courtesy copies to the Court.  The producing party shall then have sixty (60) days from the time of filing to file a motion to seal.  If no such motion is filed or if such a motion is denied, Plaintiffs may re-file unredacted copies of such documents.  When Confidential Information is filed with or otherwise submitted to the Court, it shall be enclosed in a sealed envelope or other appropriately sealed container on which shall be noted the caption of this case, the nature of the contents of the envelope or container, the word "CONFIDENTIAL," and the following statement:  "THIS ENVELOPE CONTAINS MATERIAL THAT HAS BEEN DESIGNATED CONFIDENTIAL PURSUANT TO THE ORDER OF THIS COURT AND IS NOT TO BE OPENED BY, NOR MAY ITS CONTENTS BE DISPLAYED BY OR REVEALED TO, ANYONE OTHER THAN THE COURT AND NECESSARY COURT PERSONNEL, EXCEPT AS OTHERWISE DIRECTED BY THE COURT."  If any Confidential Information is used in any court proceeding, including at trial, it shall not lose its confidential status through such use, and the Parties shall take all steps required to protect the confidentiality of the Confidential Information during such use, including but not

limited to designating the portions of the hearing transcript concerning such Confidential Information as "Confidential."

15.     To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Information that should have been designated as such, regardless of whether the material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific material disclosed or as to any other material concerning the same or related subject matter.  Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure.  Such notice shall constitute a designation of the material as Confidential under this Confidentiality Order.

16.     When the inadvertent or mistaken disclosure of any material protected by any privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).  Such inadvertent or mistaken disclosure of such material shall not constitute a waiver by the producing party of any claims of privilege or work-product immunity.  However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege or immunity if appropriate within forty-five (45) days after receiving notice of the inadvertent or mistaken disclosure.

17.     The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

18.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

19.     Upon termination of this Litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order, or certify that the Confidential Information has been destroyed.  Counsel will be permitted to keep their work product that refers to, is based upon, summarizes or otherwise is related to Confidential Information.  At that time, counsel shall also certify to opposing counsel that any person who has received Confidential Information has returned or destroyed all Confidential Information.

20.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

21.     The Parties agree that the Defendants' production of board materials and meeting minutes, including documents or information generated during the SEI Funds' Board of Trustees' section 15(c) of the Investment Company Act of 1940 process ("15(c) Materials"), shall not be deemed a waiver of any privilege, work product protection, or other protection or immunity from discovery by the producing party in this or any subsequent state or federal proceeding pursuant to Federal Rule of Evidence 502, regardless of the circumstances of disclosure.  This non-waiver agreement applies to both: (i) board minutes or materials that are produced; and (ii) any documents, testimony, or other information regarding or relating to the same subject matter as board minutes or materials.

Dated at Philadelphia, Pennsylvania, this ___ day of _____, 20___.

9

BY THE COURT:

_____

JUDGE TIMOTHY J. SAVAGE
UNITED STATES DISTRICT COURT

**STIPULATED AND AGREED TO:**

February 24, 2016

/s/ *Richard A. Maniskas*_____
Richard A. Maniskas
   rmaniskas@rmclasslaw.com
RYAN & MANISKAS, LLP
995 Old Eagle School Road
Suite 311
Wayne, PA 19087
Telephone: (484) 588-5516
Facsimile: (484) 450-2582

Brian J. Robbins
   brobbins@robbinsarroyo.com
Stephen J. Oddo
   soddo@robbinsarroyo.com
Jenny L. Dixon
   jdixon@robbinsarroyo.com
Edward B. Gerard
   egerard@robbinsarroyo.com
ROBBINS ARROYO LLP
600 B. Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991

*Attorneys for Plaintiffs*

/s/ *Steven B. Feirson*_____
Steven B. Feirson
   steven.feirson@dechert.com
Michael S. Doluisio
   michael.doluisio@dechert.com
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
Telephone: (215) 994-2489
Facsimile: (215) 994-2222

Matthew L. Larrabee
   matthew.larrabee@dechert.com
Charlotte K. Newell
   charlotte.newell@dechert.com
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

Emily Shea
   emily.shea@dechert.com
DECHERT LLP
1900 K Street, NW
Washington, DC 20006
Telephone:  (202) 261-3378
Facsimile: (202) 261-3333

*Attorneys for Defendants*

**EXHIBIT A**

**<u>DECLARATION</u>**

_____, states under penalty of perjury:

1.      I have read the Protective Order in _____, a copy of which is attached to this Affidavit.

2.      I have been informed by _____, Esq., counsel for _____, that I am receiving materials described in the Protective Order as Confidential Information.

3.      I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4.      For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5.      I will abide by the terms of the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this _____ day of _____, 20\_\_\_.

_____
(Signature)

_____
(Print or Type Name)

Address:

_____

_____

Telephone No.: (\_\_\_)_____